Gregory J. Hughes #071288
Christopher D. Hughes #254864
**HUGHES LAW CORPORATION**
3017 Douglas Boulevard, Suite 300
Roseville, California 95661
Telephone: (916) 774-7506
Facsimile: (916) 791-1644
Email: hughes@hugheslc.com

Attorneys for Michael F. Burkart,
Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA
### SACRAMENTO DIVISION

| | |
|---|---|
| In re<br><br>LESLIE BRACK,<br><br>　　　　　Debtor.<br>_____<br><br>MICHAEL F. BURKART, CHAPTER 7 TRUSTEE,<br>　　　　　Plaintiff,<br>v.<br><br>DAVID M. BRACK,<br>　　　　　Defendant.<br>_____ | Case No.: 10-26347-D-7<br><br>Chapter 7<br><br>Adv. Pro. No.: 16-02037<br><br>DCN: CDH-001<br><br>**RECOMMENDATION TO THE DISTRICT COURT WITH FINDINGS OF FACT AND CONCLUSIONS OF LAW**<br><br>Date:　August 10, 2016<br>Time:　10:00 a.m.<br>Dept:　D (Courtroom 34) |

　　　Chapter 7 Trustee Michael Burkart ("Plaintiff") has filed a motion for entry of default judgment against Defendant David M. Brack ("Defendant"). The motion was noticed under LBR 9014-1 (f)(1) and was unopposed. The court submits to the district court the following findings of fact and conclusions of law, pursuant to 28 U.S.C. §§ 157 and 1334.

### BANKRUPTCY COURT AUTHORITY

　　　Plaintiff asserts that this is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(E) and (O). Although bankruptcy courts are statutorily authorized to enter final

RECEIVED
September 30, 2016
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0005895548

judgment on a class of bankruptcy-related claims, following the United States Supreme Court's decision in Stern v. Marshall, 564 U.S. 462, 131 S. Ct. 2594, 180 L. Ed. 2d 475 (U.S. 2011) ("Stern"), bankruptcy courts do not have constitutional authority to enter final judgments on certain of those claims, unless all the parties "consent" to final adjudication by the bankruptcy court. Exec. Benefits Ins. Agency v. Arkison, 134 S. Ct. 2165, 2172, 189 L.Ed.2d 83 (U.S. 2014). For these "Stern claims," or claims that are "non-core," but otherwise related to a case filed under Title 11, 28 U.S.C. § 157 "permits a bankruptcy court to issue proposed findings of fact and conclusions of law to be reviewed *de novo* by the district court." Id. at 2168. "[A] litigant's actions may suffice to establish consent" to adjudication by a non-Article III court. Exec. Benefits Ins. Agency v. Arkison (In re Bellingham Ins. Agency), 702 F.3d 553, 565-66 (9th Cir. 2012), aff'd, 134 S. Ct. 2165 (U.S. 2014). Here, Defendant is neither a creditor in the underlying bankruptcy case, nor was Defendant sufficiently active in the case to give rise to a finding of consent by Defendant to having a judgment entered by the bankruptcy court. Accordingly, the court does not have authority to enter a final judgment on the claims asserted against Defendant. Thus, the court submits the following as its findings of fact and conclusions of law, together with its recommendation, to the district court.

## ANALYSIS

A summons and complaint were served on Defendant, who failed to answer within the time provided under Fed.R.Bankr.P. 7012(a). On April 25, 2016, the clerk of the court entered an order of default against Defendant. There are no other defendants in this matter. Accordingly, the well-pleaded allegations in Plaintiff's complaint, are deemed admitted. Fed.R.Civ.P. 8(b)(6).

Obtaining a default judgment is a two-step process. See Eitel v. McCool, 782 F.2d 1470, 1471 (9th Cir. 1986). First, the clerk of the court enters the default of the party who has failed to plead or otherwise defend; the clerk or the court, depending on the nature of the plaintiff's claim, then enters a default judgment. Fed.R.Civ.P. 55(a)and (b), incorporated herein by Fed.R.Bankr.P. 7055. In this case, the clerk, at the request of Plaintiff, entered the default of Defendant on April 25, 2016. Plaintiff's motion is for entry of default judgment against

Defendant, pursuant to Fed.R.Civ.P. 55(b).  Factors the court must consider include the following: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.  Eitel, 782 F.2d at 1471-72.  Resolution of disputes on their merits is generally favored over default judgments. See id. at 1472.

Similar, albeit differently articulated, considerations are involved in the context of a court's exercise of discretion to set aside a default judgment:

> These considerations, are usually listed as (1) whether the default was willful or culpable; (2) whether granting relief from the default would prejudice the opposing party; and (3) whether the defaulting party has a meritorious defense. Such considerations are, therefore, also appropriate considerations when deciding whether to render a default judgment. This is logical. When faced with the decision concerning whether to render a default judgment in the first place, a court logically should consider whether factors are present that would later oblige the court to set that default judgment aside.

10 MOORE'S FEDERAL PRACTICE § 55.31[2] (Matthew Bender 3d. ed. 2012).

Pursuant to the First Claim for Relief, Plaintiff alleges a turnover claim pursuant to 11 U.S.C. § 542(a).  In particular, Plaintiff alleges that Defendant, David M. Brack ("Brack"), is the Debtor's former husband.  On March 15, 2010, Leslie Brack ("Debtor") filed for relief under Chapter 7 of Title 11, United States Bankruptcy Code, and an order for relief was entered thereon.  Mr. Burkart was subsequently appointed as Trustee.  Prior to filing for bankruptcy, the Debtor had filed a Petition with the Placer County Superior Court of California under Case No. SDR 32944 to dissolve her marriage with Defendant.  The State Court entered an Order with a Judgment of Dissolution on September 25, 2009, and ruled that the marriage would end on December 15, 2009.  However, the State Court retained jurisdiction on issues such as spousal support and property settlement.  The Debtor failed to disclose all of her assets when she filed her Voluntary Chapter 7 Petition on March 15, 2010.  Among other things, the Debtor was owed $60,486 by Defendant in spousal support arrearages as of the petition date.  On August 8, 2013, the Trustee filed a Motion to Surcharge Exempt Assets and Motion for Turnover of Property,

namely the $60,486.00 in spousal support arrearages, as well as a Scottrade dividend of $3,918.78 and 2,000 shares of Scottrade (DCN: MFB-3). This motion was scheduled for hearing before the court on September 18, 2013. Following the hearing on the Trustee's Motion to Surcharge Exempt Assets and Motion for Turnover of Property, the Court issued its Order on September 24, 2013, (Docket #44), which included a ruling that the Debtor's right to receive $60,486 in spousal support from her former spouse, David Brack, is property of the Estate, and that to the extent the Debtor receives any monies in payment of said right to spousal support, she is directed to turn them over, together with evidence of the amounts received. To date, the Debtor has failed to turn over any funds to the Estate. Immediately prior to filing her Chapter 7 petition, the Debtor was owed $60,486.00 by Defendant for spousal support, and Defendant had not paid any portion of the pre-petition spousal support owed to Debtor as of the petition date. As a matter of law, when the Debtor filed her Chapter 7 petition, all of her assets, including the right to recover $60,486.00 in spousal support arrearages, became property of Debtor's Chapter 7 Estate. 11 U.S.C. § 541(a)(1). Plaintiff, as the duly-appointed Trustee for the Chapter 7 Estate, is authorized to collect amounts owed to Debtor as of the petition date. Defendant is required to turn over to Plaintiff $60,486, which is due and owing to the Estate. 11 U.S.C. § 542 (a).

Pursuant to the Second Claim for Relief, Plaintiff alleges that the net proceeds of a sale of real property are property of the bankruptcy estate and are therefore available to pay all of the claims asserted against the Debtor. Debtor and Defendant owned real property commonly known as 9916 Spy Glass Circle, Auburn, California, (the "Spy Glass Property"). Since the Spy Glass Property was held as community property, the entirety of it was property of the Chapter 7 Estate in this case pursuant to 11 U.S.C. § 541(a)(2). As an owner of the Spy Glass Property, Defendant and the Trustee jointly entered into a contract for sale of the Spy Glass Property for $75,000 cash. After the Bankruptcy Court approved the sale, the sale was consummated, title was transferred, and the Trustee collected the net proceeds, in the amount of $40,489.59, after payment of liens and closing costs. Based on the fact that the Spy Glass Property was vested in the names of the Debtor and Defendant as community property, the proceeds from the sale of the

/ / /

Spy Glass Property, in the amount of $40,489.59, are property of the Estate and are available to pay all of the claims asserted against the Debtor.

**A. Propriety of Entering Default Judgment (<u>Eitel</u> Factors)**

    <u>**1.**</u>    <u>**Possibility of Prejudice to Plaintiff**</u>

Plaintiff will be prejudiced if default judgment is not granted. Plaintiff, as trustee of a bankruptcy estate, is authorized to collect amounts owed to Debtor as of the petition date. Defendant is required to turn over to Plaintiff spousal support of $60,486.00 with arrearages which is due and owing to the Estate. 11 U.S.C. § 542 (a).

Defendant's failure to respond in this action presents a delay that reverberates through the bankruptcy case: Plaintiff is prevented from obtaining funds that are to be distributed on a pro rata basis. Accordingly, Plaintiff will be prejudiced.

    <u>**2.**</u>    <u>**The Merits of Plaintiff's Claims**</u>

The following facts are taken as true given Defendant's lack of response. As stated *infra*, Plaintiff's complaint alleges, inter alia, a claim under 11 U.S.C. § 542(a) and 11 U.S.C. § 541(a)(2) that the Defendant turnover the spousal support to the estate. The court agrees with Plaintiff that immediately prior to filing her Chapter 7 petition, the Debtor was owed $60,486.00 by Defendant for spousal support, and Defendant had not paid any portion of the pre-petition spousal support owed to Debtor as of the petition date. As a matter of law, when the Debtor filed her Chapter 7 petition, all of her assets, including the right to recover $60,486.00 in spousal support arrearages, became property of Debtor's Chapter 7 Estate. 11 U.S.C. § 541(a)(1). Plaintiff, as the duly-appointed Trustee for the Chapter 7 Estate, is authorized to collect amounts owed to Debtor as of the petition date. The well-pleaded facts show that Defendant is required to turn over to Plaintiff $60,486, which is due and owing to the Estate. 11 U.S.C. § 542 (a). Therefore, Plaintiff's First Claim for Relief is meritorious.

Additionally, Plaintiff's complaint adequately alleges that the net proceeds of a sale of real property are property of the bankruptcy estate and are therefore available to pay all of the claims asserted against the Debtor. As stated *infra*, Debtor and Defendant owned real property commonly known as 9916 Spy Glass Circle, Auburn, California, (the "Spy Glass Property").

Since the Spy Glass Property was held as community property, the entirety of it was property of the Chapter 7 Estate in this case pursuant to 11 U.S.C. § 541(a)(2).  As an owner of the Spy Glass Property, Defendant and the Trustee jointly entered into a contract for sale of the Spy Glass Property for $75,000 cash.  After the Bankruptcy Court approved the sale, the sale was consummated, title was transferred, and the Trustee collected the net proceeds, in the amount of $40,489.59, after payment of liens and closing costs.  Based on the fact that the Spy Glass Property was vested in the names of the Debtor and Defendant as community property, the proceeds from the sale of the Spy Glass Property, in the amount of $40,489.59, are property of the Estate and are available to pay all of the claims asserted against the Debtor.  Therefore, Plaintiff's Second Claim for Relief is meritorious.

### 3. Sufficiency of Plaintiff's Complaint

The court finds that Plaintiff's complaint is well-pleaded and sets forth plausible facts—not just parroted statutory or boilerplate language—that show that Plaintiff is entitled to the relief sought in the first and second claims for relief.  The complaint sufficiently alleges with particularity facts that show that Defendant is required to turn over to Plaintiff $60,486, which is due and owing to the Estate.

Additionally, the complaint sufficiently alleges with particular facts that show that the Spy Glass Property was vested in the names of the Debtor and Defendant as community property, thus the proceeds from the sale of the Spy Glass Property, in the amount of $40,489.59, are property of the Estate and are available to pay all of the claims asserted against the Debtor.

### 4. The Amount at Stake

Defendant is liable to Plaintiff for money he was to pay to Debtor for court ordered spousal support.  The total amount of $60,486.00 in spousal support arrearages.  The amount at stake is not a grossly large number, nor is it a nominal amount.  Plaintiff has presented evidence showing that Defendant has yet to make any attempt to fulfill the Placer County court order.  This factor weighs in favor of a default judgment.

/ / /

/ / /

### 5. Possibility of Dispute as to Material Facts

Upon entry of default, all well-pleaded facts in the complaint are taken as true, except allegations relating to damages. Defendant has not advanced any arguments showing material facts in dispute. Given the sufficiency of the complaint and Defendant's default, there is no genuine dispute of material fact that would preclude a default judgment.

### 6. Excusable Neglect

Defendant was properly served with the summons and complaint pursuant to Fed.R.Bankr.P. 7004. It is therefore unlikely that Defendant's failure to respond to the complaint was due to excusable neglect.

### 7. Policy in Favor of Deciding on the Merits

"Cases should be decided upon their merits whenever reasonably possible." Eitel, 782 F.2d at 1472. As compelling a factor as this may be, a decision on the merits is not reasonable in light of Defendant's complete inaction. Defendant's lack of a response renders a decision on the merits practically impossible. Thus, the ordinary preference to decide cases on the merits must yield to the granting of a default judgment.

For the reasons stated, the court recommends entry of a default judgment for $60,486 against Defendant and in favor of Plaintiff. Additionally, the court recommends entry of a default judgment declaring that the proceeds from the sale of the Spy Glass Property, in the amount of $40,489.59, are property of the Estate and are available to pay all of the claims asserted against the Debtor.

Dated: September 30, 2016

_____
Robert S. Bardwil, Judge
United States Bankruptcy Court